***ROBERT L. ARLEO, ESQ.***
380 Lexington Avenue
17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                                                                           Fax: (518) 751-1801
Email: r.arleo@verizon.net


                                                                                                            December 10, 2012

Honorable Nina Gershon, Judge, USDC
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

                                    Re:  Bokitko v. Rubin & Rothman, LLC et al.
                                          Case No. 12-cv-4138

Dear Judge Gershon:

   I am counsel for the Defendant named in the above-entitled action. I am corresponding herein for the purpose of requesting that Your Honor schedule a pre-motion conference so that the Defendant may attempt to gain permission to file a motion for dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action.

   The Complaint filed in the above-entitled action alleges that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA")(Dkt. No. 1). The Defendant was retained to collect a delinquent consumer debt owed by the Plaintiff. In the attempt to collect the debt the Defendant forwarded a correspondence dated June 27, 2012 to the Plaintiff. The Plaintiff alleges that the Defendant violated the FDCPA "….for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney." thereby (allegedly) violating 15 U.S.C. sec. 1692e, 1692e(3) and 1692e(10) (paragraph 21 of Plaintiff's Complaint.)

   15 U.S.C. sec. 1692e prohibits a debt collector from invoking false, deceptive and/or misleading means to collect a debt. Said section contains a non-exhaustive listing of conduct which constitutes false, deceptive and/or misleading debt collection means. Section e(3) prohibits "the false representation or implication that any individual is an attorney or that any communication is from an attorney." Section e(10) prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

   The Plaintiff's FDCPA claims are limited to "e" violations of the FDCPA. Therefore, the Plaintiff is required to show that the violations are "material".  A statement cannot mislead the

2

least sophisticated consumer unless it is material, so a false but not material statement is not actionable under the FDCPA. *Wahl v. Midland Credit Mgmt.*, 566 F.3d 643, 646 (7th Cir. 2002); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Donohue v. Quick Collect*, 592 F.3d 1027, 1033 (9th Cir. 2010). An immaterial statement or *immaterial information* (italics added) do not constitute an FDCPA violation as such statements do not contribute to the objective of the FDCPA. *Hahn v. Triumph P'ships, LLC*, 557 F.3d 755 (7th Cir. 2009). See also *Lane v. Fein, Such & Crane*, 767 F.Supp.2d 383 (E.D.N.Y. 2011)(finding no FDCPA violation due to immaterial information regarding a creditor). A statement is materially false and misleading if the statement influences a consumer's decision or ability to pay or challenge a debt. *Klein v. Solomon & Solomon, P.C.*, 2011 U.S. Dist. LEXIS 127606 (D. Conn.)

On November 27, 2012 the Second Circuit Court of Appeals, for the first time, acknowledged that there is a "materiality" requirement concerning claims brought under 15 U.S.C. sec. 1692e of the FDCPA. *Gabriele v. Am. Home Mort. Servicing*, 2012 U.S. App. LEXIS 24478 (2d Cir.). The Defendant intends to support its proposed motion to dismiss the Complaint based upon the fact that the allegations of violation of the FDCPA are simply not "material" as the Plaintiff has failed to allege that the Defendant's alleged FDCPA violations influenced her decision or ability to pay or challenge the debt which the Defendant was attempting to collect.

1n regard to the "e(3)" claim brought by the Plaintiff the ruling in *Musah v. Houslanger & Assocs., PLLC,* 12 Civ. 3207, 2012 U.S. Dist. LEXIS 164292 (S.D.N.Y.)("the *Musah* decision.) provides a further basis to dismiss the Plaintiff's Complaint. Therein, Judge Robert Sweet of the Southern District granted a motion to dismiss the complaint brought by the defendant law office named therein. Similar to the above-entitled action, the *Musah* complaint alleged violations of the FDCPA based upon attempts by a law firm to collect an outstanding debt. In particular, the law firm therein was attempting to enforce a judgment. In the *Musah* complaint it was alleged that the defendant failed to meaningfully review the court file for the purpose of learning that the judgment creditor had not filed a notice of assignment of the judgment.

In the *Musah* decision, *3 footnote 1 therein, Judge Sweet confirmed that sec. 1692e(3) does not mandate a "meaningful review" of a file by an attorney but rather simply prohibits "the false representation or implication that any individual is an attorney or that any communication is from an attorney." Judge Sweet then went on to reference that the plaintiff, in his complaint, alleged that the defendant therein was, in fact, a law office and otherwise made no allegations that the attorneys therein were not properly licensed to practice law. Thus, he concluded that sec. 1692e(3) was inapplicable to the allegations set forth in the complaint therein.

Similar to the claims in the *Musah* action, the Complaint filed in the above-entitled action alleges that the Defendant is a law firm (paragraph 14 of the Complaint) and also alleges that attorneys failed to "……qualify that the debt had not been reviewed by an attorney." (paragraph 21 of the Plaintiff's Complaint). Thus, the *Musah* decision rendered by Judge Sweet provides a further basis upon which Your Honor may dismiss the Complaint for failure to state a cause of action under the FDCPA.

3

Respectfully submitted,

/ s / *Robert L. Arleo*

Robert L. Arleo

RLA:gra
cc:  Adam J. Fishbein, Esq.