**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

**VIA ECF**                                December 12, 2012

The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: Bokitko v. Rubin & Rothman, LLC**
     **12-CV-4138 (NG)**

Dear Judge Gershon:

I represent the plaintiff in the above referenced matter. The defendant has filed a request for a pre-motion conference pursuant to Your Honor's Individual Motion Practices & Rules.  One of the reasons why some Courts mandate the filing of a request for a pre-motion conference by letter is to determine if there is any merit to such a motion. Although a District Court may not bar a party from filing a motion, if it is clear from the letter due to the clear lack of merit of the argument that no relief may be obtained, or where the letter contains irreconcilable or clearly inconsistent erroneous statements, the Court may in the interest of a useful expenditure of the parties' time construe a pre-motion letter as a motion and act on it, without affording the moving party any opportunity to file any further submission.

> In *Best Payphones, Inc. v. Manhattan Telecommc'ns Corp.,* 2011 U.S. App. LEXIS  23528 (2d Cir. Nov. 23, 2011): The second circuit stated "**Here, however, the district court did not explicitly deny the request for a pre-motion conference. Rather, the court appears to have construed the Pre-Motion Letter as the motion itself ….  In this Circuit, district judges have, in some cases, construed pre-motion letters as the motions themselves and denied the motions.** …. **Given the length and detail of the Pre-motion Letter and responses, and the clear lack of merit of the … argument, the district court did not abuse its discretion in construing the letter as a motion and denying the motion.** (Emphasis added)

In this case, even if the plaintiff does not respond to the defendant's letter for a pre-motion conference or for that matter even, if the plaintiff does not respond to the actual motion to dismiss the court would still deny the motion to dismiss since the court will weigh the motion to dismiss against the binding second circuit precedent.

On November 27, 2012 the Second Circuit Court of Appeals handed down a new decision *Gabriele v. Am. Home Mortg. Servicing,* 2012 U.S. App. LEXIS 24478, 10-12 (2d Cir. Nov. 27, 2012). It appears that opposing counsel perhaps in haste has failed to consider the implication of the entire decision. Opposing counsel in his letter states the following:  *The Complaint filed in the above-entitled action alleges that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA")(Dkt. No. 1). The Defendant was retained to collect a delinquent consumer debt owed by the Plaintiff. In the attempt to collect the debt the Defendant forwarded a correspondence dated June 27, 2012 to the Plaintiff. The Plaintiff alleges that the Defendant violated the FDCPA "….for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney." thereby (allegedly) violating 15 U.S.C. sec. 1692e, 1692e(3) and*

1

*1692e(10)*
*(paragraph 21 of Plaintiff's Complaint.)15 U.S.C. sec. 1692e prohibits a debt collector from invoking false, deceptive and/or misleading means to collect a debt. Said section contains a non-exhaustive listing of conduct which constitutes false, deceptive and/or misleading debt collection means. Section e(3) prohibits "the false representation or implication that any individual is an attorney or that any communication is from an attorney." Section e(10) prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." The Plaintiff's FDCPA claims are limited to "e" violations of the FDCPA. Therefore, the Plaintiff is required to show that the violations are "material." A statement cannot mislead the least sophisticated consumer unless it is material, so a false but not material statement is not actionable under the FDCPA.*

Opposing counsel further stated in his letter *"On November 27, 2012 the Second Circuit Court of Appeals, for the first time, acknowledged that there is a "materiality" requirement concerning claims brought under 15 U.S.C. sec. 1692e of the FDCPA. Gabriele v. Am. Home Mort. Servicing, 2012 U.S. App. LEXIS 24478 (2d Cir.). The Defendant intends to support its proposed motion to dismiss the Complaint based upon the fact that the allegations of violation of the FDCPA are simply not "material" as the Plaintiff has failed to allege that the Defendant's alleged FDCPA violations influenced her decision or ability to pay or challenge the debt which the Defendant was attempting to collect."*

One cursory look at this new 2nd Circuit decision actually shows the exact opposite.  The Court specifically held that **that a mass-produced collection letter bearing the letterhead of an attorney who never actually reviewed the letters or read the consumer's files violated the FDCPA.**  These are the same exact allegations in plaintiff's complaint.  In fact, contrary to opposing counsels factual error, the 2nd Circuit has yet again affirmed that such allegations are in fact a violation of the FDCPA.

> In <u>Gabriele v. Am. Home Mortg. Servicing,</u> 2012 U.S. App. LEXIS 24478, 10-12 (2d Cir. Nov. 27, 2012) The Court of Appeals for the Second Circuit stated "Our case law demonstrates that communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA. For example, we have held that a debt collector could be liable under the FDCPA for a false statement that a borrower's debt was ineligible for bankruptcy, see Easterling, 692 F.3d at 235 ("[N]ot only is the Collection Letter's representation [that consumer's student debt was ineligible for bankruptcy] literally false, it is also fundamentally misleading . . . ."); and for falsely representing that the collector had the authority to initiate legal proceedings against the debtor, see Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993). See also Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 424 (S.D.N.Y. 2010) (denying motion to dismiss FDCPA claim alleging that defendant law firm engaged in scheme to default debtors through the filing of affidavits falsely attesting that debtors had been served with complaints in debt collection suits). We have also held that communications from debt collectors that are misleading or deceptive as to the identity or involvement of the debt collector violate the FDCPA. See Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 237-38 (2d Cir. 1998); **Clomon,**[1] **988 F.2d at 1321-22 (finding that mass-produced collection letters bearing the facsimile signature and letterhead of an attorney who never actually reviewed the letters or read the consumer's files violated the FDCPA)**

As evidenced in the above mentioned decision **a mass-produced collection letters bearing the facsimile signature and letterhead of an attorney who never actually reviewed the letters or read the consumer's files violated the FDCPA** this has been the long standing holding of the 2nd Circuit.  In fact, in <u>Clomon v. Jackson,</u> 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. 1993) the Court held that if a collection letter was from a Law Firm and even on on a Law Firm letterhead yet since the collection letters were not "from" the Law Firm in any meaningful sense of that word then that would establish a

---

[1] The court is referring to <u>Clomon v. Jackson,</u> 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. 1993)
.

2

violation of subsection (3) of § 1692e See. *Clomon v. Jackson,* 988 F.2d 1314, 1320, 1993 U.S. App. LEXIS 4965 (2d Cir. 1993) The court stated:

> "First, the use of Jackson's letterhead and signature on the collection letters was sufficient to give the least sophisticated consumer the impression that the letters were communications from an attorney. **This impression was false and misleading because in fact Jackson did not review each debtor's file;** he did not determine when particular letters should be sent; he did not approve the sending of particular letters based upon the recommendations of others; and he did not see particular letters before they were sent----indeed, he did not even know the identities of the persons to whom the letters were issued. **In short, the fact that Jackson played virtually no day-to-day role in the debt collection process supports the conclusion that the collection letters were not "from" Jackson in any meaningful sense of that word. Consequently, the facts of this case a violation of subsection (3) of § 1692e."** …The collection letters would have led many consumers, and certainly the least sophisticated consumer, to believe that an attorney had personally considered the debtor's case before the letters were sent. This language was false or misleading because, as noted above, Jackson played virtually no day-to-day role in the debt collection process…
>
> In reaching this conclusion, we are mindful of the appellant's concern regarding the economic necessity of mass mailing in the debt collection industry. It is apparent that mass mailing may sometimes be the only feasible means of contacting a large number of delinquent debtors, particularly when many of those debtors owe relatively small sums. But it is also true that the FDCPA sets boundaries within which debt collectors must operate. No mass mailing technique is permissible -- regardless of how effective it might be -- if that technique constitutes a false, deceptive, or misleading communication. **As we have found here, the use of an attorney's signature on a collection letter implies that the letter is "from" the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent. We have also found here that the use of an attorney's signature implies -- at least in the absence of language to the contrary -- that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent. In a mass mailing, these implications are frequently false: the attorney whose signature is used might play no role either in sending the letters or in determining who should receive them. For this reason, there will be few, if any, cases in which a mass-produced collection letter bearing the facsimile of an attorney's signature will comply with the restrictions imposed by § 1692e**."(Emphasis added)

Furthermore opposing counsel states in his letter: *"In the Musah decision, \*3 footnote 1 therein, Judge Sweet confirmed that sec. 1692e(3) does not mandate a "meaningful review" of a file by an attorney but rather simply prohibits "the false representation or implication that any individual is an attorney or that any communication is from an attorney." Judge Sweet then went on to reference that the plaintiff, in his complaint, alleged that the defendant therein was, in fact, a law office and otherwise made no allegations that the attorneys therein were not properly licensed to practice law. Thus, he concluded that sec. 1692e(3) was inapplicable to the allegations set forth in the complaint therein. Similar to the claims in the Musah action, the Complaint filed in the above-entitled action alleges that the Defendant is a law firm (paragraph 14 of the Complaint) and also alleges that attorneys failed to "……qualify that the debt had not been reviewed by an attorney." (paragraph 21 of the Plaintiff's Complaint). Thus, the Musah decision rendered by Judge Sweet provides a further basis upon which Your Honor may dismiss the Complaint for failure to state a cause of action under the FDCPA."*

Although as mentioned above this argument is completely without merit since it was addressed in the Second Circuit's *Clomon v. Jackson*. In *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300-301, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d, 746 (2d Cir. 2003) the Second Circuit specifically addressed this issue and stated:

3

> "The FDCPA creates a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e contains a non-exhaustive list of practices within the purview of this prohibition, **including "the false representation or implication that any individual is an attorney <u>or that any communication is from an attorney</u>." Id. § 1692e(3). Although there is no dispute that W&A and UC&S are law firms, or that the letters sent by those firms were "from" attorneys in the literal sense of that word, <u>some degree of attorney involvement is required before a letter will be considered "from an attorney" within the meaning of the FDCPA."</u>** <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300-301, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003) (Emphasis added)

Furthermore in <u>Greco v. Trauner, Cohen & Thomas, L.L.P.</u>, 412 F.3d 360, 364, 2005 U.S. App. LEXIS 11835 (2d Cir. 2005) the Second Circuit again reaffirmed and stated:

> "In Miller we recognized that "although there is no dispute that [the defendant law firms] are law firms, or that the letters sent by those firms were 'from' attorneys in the literal sense of that word, some degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA." Id. at 301. Because "the letters sent by [the defendant law firms] were form letters generated by a computerized debt collection system **without any meaningful attorney involvement in the process**," id. (emphasis added in the original), we there vacated an award of summary judgment to the defendants….**In Miller and Clomon, we established that a letter sent on law firm letterhead, standing alone, does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is, therefore, misleading within the meaning of the FDCPA.**" (Emphasis added)

In sum, the factual error in opposing counsel's letter as to the 2nd circuit's position clearly shows that the letter request for a pre-motion conference in this case has no merit. It seems to have been made in error and should not have been made. Given the factual error and the clear lack of merit to the only argument the defendant has made in its letter, plaintiff respectfully requests that this Court construe the defendant's letter as a motion to dismiss and deny the motion.

Thank you for the Court's consideration of the foregoing. Plaintiff hopes that the Court will accept the length of the letter. Due to the circumstances herein, we felt compelled to exceed the three page limit.

Yours faithfully,

/s/
Adam J. Fishbein

Cc:  Robert L. Arleo, Esq.