***ROBERT L. ARLEO, ESQ.***
380 Lexington Avenue
17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                                                                         Fax: (518) 751-1801
Email: r.arleo@verizon.net

February 1, 2013

Honorable Nina Gershon, Judge, USDC
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

                Re:  Richardson v. Rubin & Rothman, LLC et al.
                     12-cv-4494
                     Timingeriu v. Rubin & Rothman, LLC et al.
                     12-cv-4498
                     Bokitko v. Rubin & Rothman, LLC et al.
                     <u>Case No. 12-cv-4138</u>

Dear Judge Gershon:

   I am counsel for the Defendants named in each of the above-entitled actions. I am also presently a defense counsel of record in the matter of Corpac v. Rubin & Rothman, LLC 10-cv-4165 ("T(t)he Corpac action.) For the underlying reasons I am corresponding herein for the purpose of requesting that Your Honor stay each of the above-entitled actions.

   The Plaintiffs in each of the above-entitled actions received collection letters from the Defendant, Rubin & Rothman, LLC ("R&R"). The Plaintiffs each allege that these letters constitute violations of the Fair Debt Collection Practices Act ("FDCPA"). Each complaint alleges that R&R violated the FDCPA "….for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney." thereby (allegedly) violating 15 U.S.C. sec. 1692e, 1692e(3) and 1692e(10)(paragraph 21 of Plaintiff's Complaint.) Each of the above actions are brought as class actions. The Corpac action alleges these identical FDCPA claims based upon letters sent by R&R and based upon subsequent lawsuits filed thereafter by R&R. The Corpac action is also a class action.

   On April 5, 2012 Judge Arthur Spatt granted preliminary approval to a class settlement agreement entered into by Plaintiff Corpac and R&R. However, based upon a subsequent ruling by the Second Circuit in the matter of  *Hecht v. United Collection Bureau*, 2012 U.S. App. LEXIS 17374 (2nd Cir. Aug. 17, 2012), Judge Spatt has vacated his approval of that portion of

the class settlement agreement which allowed for newspaper notice to the class which was subsequently published on one day in the New York Post.

On January 30, 2013 Judge Spatt issued an Amended Memorandum of Decision and Order in the Corpac matter. In the interests of brevity the Order can be summed up as allowing the parties the opportunity to negotiate a new class notice plan. R&R has retained additional counsel in the Corpac matter for the purpose of attempting to affect a new class notice plan. Judge Spatt has given Corpac's attorney until February 8th to present a new class notice plan. In the interests of total candor there were other issues resolved in Judge Spatt's Order which are not presently relevant to the above-entitled matters.

If Judge Spatt approves a new class notice plan in the Corpac matter he will need to issue a new preliminary approval order with a class coverage period which may include each of the above-entitled actions. In this event the class action status of each of the above actions will be terminated upon an order of final approval of a class settlement agreement in the Corpac matter. Thus, it would be proper for Your Honor to presently stay each of the above-entitled actions pending events in the Corpac matter which could very well occur in the near future.

Finally, I am obliged to advise Your Honor that the Plaintiff Christine Bokitko filed a Chapter 7 bankruptcy petition on December 31, 2012 which also could have ramifications upon her lawsuit listed above.

                                              Respectfully submitted,

                                              / s / *Robert L. Arleo*

                                              Robert L. Arleo

RLA:gra
cc:  Adam J. Fishbein, Esq. via ECF